IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF MARION, ILLINOIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-1351-DWD |
| ) | |
| DENNIS BALL, *individually and as* ) | |
| *trustee of the Eleanor R. Ball* ) | |
| *Irrevocable Living Trust*, ) | |
| MIDCOUNTRY BANK, ) | |
| REGIONS BANK, ) | |
| WILLIAMSON COUNTY, ) | |
| ILLINOIS, and ) | |
| UNKNOWN OWNERS/NON- ) | |
| RECORD CLAIMANTS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

In March 2019, in Williamson County, Illinois Case No. 2019-CH-37, the City of Marion filed suit against Defendant Dennis Ball, individually and as trustee of the Eleanor R. Ball Irrevocable Living Trust, seeking to enforce municipal liens pursuant to 735 ILCS 5/12-101, *et seq*. (Doc. 2-1). On October 27, 2021, after seeking a change of venue and a new trial in state court, Ball removed this action from Williamson County, invoking this Court's diversity and federal question jurisdiction. (*See* Doc. 2, p. 2, 4). Ball also filed a motion for leave to proceed *in forma pauperis* (Doc. 3), a motion for recruitment of counsel (Doc. 4), a motion for service of process at Government expense (Doc. 5), and a counterclaim (Doc. 6).

This matter comes before the Court for consideration of Defendant's motion for leave to proceed *in forma pauperis* and *sua sponte* to allow the Court to assess whether it has subject matter jurisdiction over this action. Defendant's motion (Doc. 3) demonstrates that he is indigent within the meaning of 28 U.S.C. § 1915(a)(1). Before granting Defendant's motion, however, the Court must consider whether this action is frivolous or malicious or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). When considering frivolity, the Court's subject matter jurisdiction concerns demonstrate that this action should not proceed in federal court at this time.

While the Court is not remanding this action based on timing, removal of a lawsuit more than two years after the operative complaint was filed is rarely permitted. *See* 28 U.S.C. § 1446. Here, however, remand is appropriate because the notice of removal (Doc. 2) fails to adequately allege federal subject matter jurisdiction. Defendant provides a conclusory allegation that this Court has both diversity and federal question jurisdiction, but the allegations are insufficient to allow him to proceed at this time.

Federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the action is between citizens of different states. *See* 28 U.S.C. § 1332(a). The notice of removal fails to allege that the amount in controversy exceeds $75,000.00, and it fails to allege the citizenship of any party, referring only to the residence of Defendant MidCountry Bank as being outside of Illinois. To establish complete diversity of citizenship, Defendant must allege that all defendants are citizens of different states than all plaintiffs. Setting aside that Defendant Ball and Defendant Williamson County appear to be Illinois citizens, as does Plaintiff

City of Marion, the failure to properly allege either element required to establish diversity jurisdiction renders the notice of removal inadequate.

Similarly, the notice of removal fails to identify a cause of action in the state court complaint that arises "under the Constitution, laws, or treaties of the United States," as is required to establish federal question jurisdiction. *See* 28 U.S.C. § 1331. The state court complaint attached to the notice includes only state law claims. Even if the Court considered the claims in Defendant's counterclaim, which is labeled as a complaint, Defendant fails to identify a federal law at issue.[1]

For the above-stated reasons, the Court finds that the removal of this action was frivolous due to a lack of subject matter jurisdiction, that Defendant's motion for leave to proceed *in forma pauperis* must be **DENIED**, and that this action must be remanded for lack of jurisdiction. It is therefore **ORDERED** that this action be **REMANDED** to the Circuit Court of the First Judicial Circuit, Williamson County, Illinois. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of the state court and thereafter to **CLOSE** this case.

**SO ORDERED.**

Dated: December 2, 2021

DAVID W. DUGAN
United States District Judge

---

[1] To the extent that Defendant intended to file a new lawsuit, rather than to remove this already pending action, he must re-file in a separate action without including a notice of removal.